IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARK ROYAL CAPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-676 |
| | § | |
| SALEM LOGISTICS, INC., and | § | |
| DAVID ESHELMAN, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff Ark Royal Capital, LLC's Motion for Partial Summary Judgment (Document No. 15), and No-Evidence Motion for Partial Summary Judgment (Document No. 17). Defendant Salem Logistics, Inc. has filed no response to either motion, and the motions are therefore deemed unopposed pursuant to Local Rule 7.4. After having considered the motions and the applicable law, the Court finds that the motions should be granted.

I. Background

Plaintiff Ark Royal Capital, LLC ("Ark Royal") seeks damages for breach of contract and fraud against Defendant Salem Logistics, Inc. ("Salem") and breach of guaranty agreement and fraud against Defendant David Eshelman.[1] On March 7, 2008, Salem and Ark Royal

---

[1] This case is stayed as to Defendant David Eshelman, see Order entered September 20, 2010, and Plaintiff's motion against Defendant Eschelman is therefore not ruled upon. 11 U.S.C.

contracted for Ark Royal to provide a business line of credit for Salem, called the First Amended and Restated Accounts Receivable Finance Agreement (the "FARA").[2] The FARA provided Salem a revolving credit commitment of up to $2,200,000, secured by all of Salem's accounts receivable and all other property and interests in property then owned and thereafter acquired.[3] The FARA was amended on two occasions, including an amendment on December 18, 2008 for an additional loan to Salem in the amount of $125,000 (the "Term Note").[4] The FARA and amendments are hereinafter referred to collectively as the "Finance Agreement."[5]

---

§ 362(a)(1). Although the automatic stay applicable to the bankrupt may in some very limited and unusual circumstances apply also to a non-bankrupt party, in this instance Salem has neither contended nor made any showing that the stay applies to it. *See* Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1147 (5th Cir. 1987); see also Solow v. PPI Enterprises Inc., 150 B.R. 9, 11 (S.D.N.Y. 1992) (quoting A.H. Robbins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986), *cert. denied*, 107 S. Ct. 251 (1986)) (The automatic stay may apply to a codefendant, in "unusual circumstances," such as "when there is such an identity between debtor and third-party defendant that debtor may be said to be the real party defendant and that judgment against the third party is judgment against the debtor."). Importantly, "it is incumbent upon the non bankrupt party to establish that there is a unity of interest with a debtor so that the reorganization efforts of the debtor would be irreparably harmed by the continuation of the litigation." In re Trans-Service Logistics, Inc., 304 B.R. 805, 807 (S.D. Ohio 2004) (citing A.H. Robbins, 788 F.2d at 999); In re Meyerland Co., 82 B.R. 831, 834 (S.D. Tex. 1988).

[2] *See* Id.

[3] *See* Document No. 16, ex. D at ¶5 (Hanslik Aff.).

[4] Document No. 1 at 5.

[5] *See* Document No. 16, exs. B & C.

Ark Royal extended credit to Salem pursuant to the FARA, Salem defaulted on its obligations, and Salem ultimately signed a Negotiation Letter that acknowledged and agreed that, *inter alia*: (1) Salem was in default under the Finance Agreement;[6] (2) the obligations under the Agreements were demanded and accelerated in accordance with the terms of the Agreement and the outstanding balance was $2,081,116.16 as of January 26, 2009; (3) the agreements, representations, and warranties in the Negotiation Letter were being given as an inducement for Ark Royal to enter into negotiations in accordance with the terms of the Negotiation Letter.[7] Subsequent negotiations for settlement of the debt and/or restructuring of the company did not materialize.[8]

Ark Royal claims that Salem owes it $1,859,006.97, plus interest in the amount of $1,417,798.98, under the FARA and an

---

[6] Ark Royal alleges four separate "Events of Default" under the Finance Agreement: (1) Salem's failure to remit to Ark Royal payments; (2) Salem's failure to remit $25,986 received by its subsidiary Salem Traffic Services from a customer as required under Section 3.2 of the FARA; (3) another creditor's possession of a security interest over nearly all of Salem's assets, contrary to Salem's prior representations to Ark Royal, thereby placing Ark Royal in a subordinated position with respect to Ark Royal's security interest in Salem's collateral; and (4) Defendant David Eshelman's announcement, on behalf of Salem, to Ark Royal in a phone call that Salem intended to suspend and cease its operations.

[7] *See* Document No. 16, ex. K at 3 (Negotiation Letter).

[8] *See* Document No. 16, ex. D at ¶12 (Hanslik Aff.).

additional $87,321.27, plus $14,322.73 in interest, on the Term Note.[9]

Ark Royal seeks partial summary judgment on its breach of contract claim against Salem, but not on its fraud claim. Additionally, Ark Royal seeks summary judgment that Defendant Salem has produced no evidence on its affirmative defenses of estoppel, contributory negligence, and duress.

## II. Standards of Review

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth

---

[9] See id. at ¶¶ 13, 14; see also Document No. 15 at 12.

specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

To withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S. Ct. at 2552. If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a

5

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted. Id.

A motion for summary judgment cannot, of course, be granted simply because there is no opposition. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the motion and grant summary judgment when a *prima facie* showing for entitlement to judgment is made. See Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Rayha v. U.P.S., Inc., 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

III. Discussion

A. Breach of Contract

Ark Royal contends that Defendant Salem's uncontroverted events of default under the Finance Agreement and Salem's failure to pay sums due and owing on the Note warrants judgment in its favor on its breach of contract claim. Under Texas law,[10] "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered

---

[10] The Financing Agreement and the Negotiation Agreement signed by the parties state that Texas law will govern disputes. See Document No. 16, ex. A at 28; see also Document No. 16, ex. K at 3. North Carolina law will govern the interest rate imposed. Document No. 16, ex. A at 28.

6

performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet. denied); accord Pegram v. Honeywell, Inc., 361 F.3d 272, 288 (5th Cir. 2004).

Ark Royal has exhibited the Finance Agreement, a valid contract with Salem, which is not controverted. Moreover, it is uncontroverted that Ark Royal performed the contract with Salem by advancing approximately $2,000,000 under the FARA and $125,000 under the Term Note.[11] In addition, Salem breached the agreements by its own admission as stated in the Negotiation Letter.[12] Finally, Ark Royal maintains that it has incurred damages of more than $3 million as a result of Salem's breach.[13]

Ark Royal has presented evidence establishing each of the elements of its breach of contract claim, and has made at least a *prima facie* showing of its entitlement to judgment. See Eversley, 843 F.2d at 174. Salem has not responded, and hence has raised no genuine issue of material fact to defeat summary judgment of liability against it. Rule 56(e) provides that an "adverse party may not rest upon the mere allegations or denials of his pleading,

---

[11] See id. at ¶¶ 12, 14.

[12] See Document No. 16, ex. K at 3 (Negotiation Letter). For the substantive basis of the breach, see supra n. 7.

[13] Document No. 15 at 12.

but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e); *see also* Matsushita, 106 S. Ct. at 1356 & n. 11. Ark Royal has shown itself entitled to summary judgment on its breach of contract claim against Salem.

## IV. Order

Accordingly, it is

ORDERED that Plaintiff Ark Royal LLC's Motion for Partial Summary Judgment (Document No. 15), and No-Evidence Motion for Partial Summary Judgment (Document No. 17) are both GRANTED against Salem Logistics, Inc., and Defendant Salem Logistics, Inc. is ADJUDGED liable to Plaintiff Ark Royal LLC for breach of the parties' Finance Agreement, which includes the Revolving Credit Note and the Term Note.

Remaining for trial are Plaintiff Ark Royal's fraud claim against Defendant Salem Logistics, Inc. and determination of Ark Royal's damages.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this  7TH  day of December, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE